FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 27, 2026

SEAN F. McAVOY, CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

VANESSA S.,

Plaintiff,

vs.

FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No. 2:23-cv-00373-RHW

**REPORT AND RECOMMENDATION FOR ORDER TO REVERSE THE DECISION OF THE COMMISSIONER AND REMAND CASE FOR FURTHER PROCEEDINGS**

**ECF Nos. 10, 15**

**BEFORE THE COURT** are Plaintiff's Opening Brief and Defendant's Brief in response. ECF Nos. 10, 15. Jordan Goddard represents Plaintiff; Special Assistant United States Attorneys Joseph Derrig and Melissa DelGuercio represent Defendant. This matter was referred to the undersigned magistrate judge for issuance of a report and recommendation**.** ECF No. 19.

Plaintiff requests review of the denial of her application for supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff contends the Administrative Law Judge (ALJ) inappropriately dismissed her request for hearing before the ALJ. For the following reasons, the Court **RECOMMENDS** Plaintiff's motion, ECF No. 10, be **GRANTED**, Defendant's motion, ECF No. 15, be **DENIED**, and the Commissioner's decision be **REVERSED** and **REMANDED** for further proceedings.

## BACKGROUND

Plaintiff filed an application for supplemental security income benefits on February 11, 2021, alleging a disability onset date of March 31, 2008 due to degenerative disc disease, arthritis of the back, diabetes, a heart condition, and blood clots. ECF No. 9 (herein referred to as "Tr.") at 76-82; Tr. 57, 74-80. At the time, Plaintiff was unrepresented by counsel. The application was denied initially on October 7, 2021 because Plaintiff failed to furnish evidence to support the claim. Tr. 18, 62-67. On May 18, 2022, 223 days after the initial decision, Plaintiff filed an untimely request for reconsideration. Tr. 59-61. Plaintiff submitted a statement of good cause explaining she had been hospitalized in September 2021 for COVID-19 resulting in a coma and rehabilitation, during which time she did not receive the agency's letter, and that it is "really hard" for her to think. Tr. 60-61.

The agency granted the late request and on August 29, 2022, sent Plaintiff a reconsideration notice denying her claim. Tr. 56-57. The notice warned Plaintiff that if she disagreed with the determination, she could request a hearing not later than 60 days from receipt of the notice. Tr. 56.

On December 7, 2022, 100 days after the agency's denial on reconsideration, Plaintiff filed a request for hearing without a statement of good cause. Tr. 50-54. On January 25, 2023, ALJ Stewart Stallings informed Plaintiff that the request for hearing was untimely and advised her of the opportunity to demonstrate good cause within 15 days of the letter. Tr. 39-40. Judge Stallings also warned that if good cause was not established, he would dismiss. Tr. 39. On February 13, 2023, an agency employee spoke with Plaintiff regarding the notice to show good cause and documented that call as follows:

> "Spoke to clmt regarding the COVID form and obj to VTC form on 2/13/23 then I noticed she also was sent a notice to show cause, so I spoke to her about that also being due. She did not sound well and stated she has a care[]giver and will have them check to see that she did receive it all. I

> reminded her the importance of the notice to show cause. She will try to get these forms back to us.

Tr. 23.

On February 21, 2023, 27 days after Judge Stalling's letter, Plaintiff submitted a statement of good cause explaining that her daily functioning was impacted by long term effects of COVID-19, including difficulties thinking and concentrating, headaches, sleep and smell problems, as well as COPD, short term memory loss, and worsened depression and anxiety. Tr. 22. On February 27, 2023, ALJ Stallings sent Plaintiff a letter requesting additional clarification regarding the date and location of hospitalization referenced in her statement of good cause and gave Plaintiff an additional 15 days to respond. Tr. 20. Plaintiff did not submit a response. ECF No. 10 at 3.

On April 25, 2023, 57 days after the letter requesting clarification, ALJ Jesse Shumway entered an Order of Dismissal, dismissing the request for hearing concluding Plaintiff had not demonstrated good cause for missing the deadline to request review. Tr. 18-20.

By June 23, 2023, Plaintiff had retained counsel to assist her with an appeal and counsel submitted a further statement of good cause to the Appeals Council. Tr. 11-14. The statement explained:

> [Plaintiff] had problems opening mail and it tends to pile up in stacks. Her brother found it in her mail and told her about it and that an appeal may be needed. She didn't understand what the denial meant or what to do about it. Her daughter in law came and looked it over and helped [Plaintiff] fill it out. [Plaintiff] was unrepresented when she filled out her explanation to the court and explained it the best she could. [Plaintiff] kept telling me that she did return the court[']s request for information, and could not remember receiving the second request for clarification. [Plaintiff] has a 6th grade education, learning disabilities, residual COVID symptoms, severe memory problems, poor reading comprehension, anxiety, and depression, in addition to physical problems. [Plaintiff] in no way intended to abandon her claim, and did her best to comply with deadlines and respond to requests for

> information from the court. . . . Her extensive mental and physical health conditions have made it difficult for her to manage her affairs on her own.

Tr. 4.

On October 17, 2023, the Appeals Council denied Plaintiff's request for review of the ALJ's dismissal. Tr. 1-3.

Plaintiff filed the Complaint, ECF No. 1, on December 21, 2023, and in response, Defendant filed the administrative record at ECF No. 9. However, the administrative record did not contain any of the medical evidence relied upon by ALJ in denying Plaintiff's claim. On the same day Defendant filed its response to Plaintiff's Opening Brief, Defendant filed a 2,838-page transcript of medical records related to the ALJ's dismissal. ECF No. 14. For ease of reference herein, the Court refers to this supplemental information as "STr." and uses the page designations applied by the agency in bold at the top right of the page.

## ISSUES

1. Whether substantial evidence supports the ALJ's dismissal of Plaintiff's untimely request for hearing; and
2. Whether Plaintiff was denied due process by failing to include the medical evidence in the administrative record.

## DISCUSSION

### A. Subject Matter Jurisdiction/Administrative Exhaustion

The Court has an independent duty to ensure that it has subject matter jurisdiction. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). The Social Security Act confers jurisdiction on United States district courts to review "*any* final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g) (emphasis added); *Smith v. Berryhill*, 587 US. 478, 479 (2019) (noting this language reflected Congress's "intent to use [the] term ['final decision'] expansively."). This provision "contains two separate elements: first, a jurisdictional requirement that claims be presented

to the agency, and second, a waivable requirement that the administrative remedies prescribed by the Secretary be exhausted." *Smith*, 587 U.S. at 478 (cleaned up). The latter nonjurisdictional administrative exhaustion requirement, which may be waived by the agency or excused by the courts, includes the question of whether a dismissal decision "qualifies as a 'final decision ... made after a hearing' for purposes of allowing judicial review under § 405(g)." *Id*. at 478-79.

Here, Plaintiff has satisfied the nonwaivable "presentment" requirement as she has presented her claim for benefits to the agency and also presented the issue on which she now seeks judicial review: whether the dismissal of her request for hearing before the ALJ was appropriate.

As to the second "waivable" element requiring exhaustion of administrative remedies, in *Smith*, the United States Supreme Court held that the Appeals Council's dismissal of a claimant's untimely request for review after receiving an ALJ hearing is a "final decision ... made after a hearing" as defined by Section 405(g). 587 U.S. at 489; *see also Kavandi v. Kijakazi*, No. 20-55740, 2021 WL 6101351 (9th Cir. Dec. 21, 2021) ("[A]n Appeals Council dismissal as untimely of a request for review, after a claimant has received an ALJ hearing on the merits, is a final decision for purposes of 42 U.S.C. § 405(g)[.]"). The Court reasoned that the Social Security Act was a "claimant-protective statute" and "while Congress left it to the SSA to define the procedures that claimants . . . must first pass through, Congress has not suggested that it intended for the SSA to be the unreviewable arbiter of whether claimants have complied with those procedures." *Id*. (citation omitted). *Smith* expressly declined to resolve whether § 405(g) permits review where, as here, a claimant "faltered at an earlier step," where the "request for an ALJ hearing was dismissed as untimely and who then appealed that determination to the Appeals Council before seeking judicial review," and as such, the claimant did not "receive[ ] a 'hearing' at all." *Id.* at 1777 n.17. However, it reiterated that its precedents "make clear that a hearing is not always required." *Id.*

In any event, whereas here, the presentment requirement has been met, the Court need not decide whether there has been a "final decision . . . made after a hearing" under § 405(g) because Defendant has expressly waived any objection on exhaustion grounds and defended the ALJ's decision on the merits. *See* ECF No. 15 at 4 ("SSA is electing not to invoke § 405(g) as a potential bar to judicial review and accepting the Court's authority to review the ALJ's dismissal of Plaintiff's hearing request . . ."); *see also Wilson v. Comm'r of Soc. Sec.*, No. 21-10278, 2021 WL 3878252, *2-3 (11th Cir. 2021) (per curiam) (where agency waived the nonjurisdictional element of exhaustion, no barrier prevented exercise of judicial review); *Sharmecia F. v. Comm'r of Soc. Sec.,* No. C24-0035-RSM, 2024 WL 3792706, at *1 (W.D.Wash. Aug. 13, 2024); *Angel S. v. Comm'r of Soc. Sec.,* No. 1:24-CV-3020-RMP, 2024 WL 3623520, at *5 (E.D. Wash. Aug. 1, 2024); *T.W. v. Comm'r of Soc. Sec.*, No. 21-CV-07822-SVK, 2023 WL 2167398, at *3 (N.D. Cal. Feb. 21, 2023); *Curlee v. Comm'r of Soc. Sec.*, No. 1:20-CV-00145-SAB, 2022 WL 993005, at *3, n.4 (E.D. Cal. Apr. 1, 2022).

**B. ALJ's Order of Dismissal**

1. *Legal Standard*

Having determined the ALJ's order of dismissal is properly before the Court, the Court restricts its review "to the procedural ground that was the basis" for the dismissal. *Smith*, 587 U.S. at 488. The ALJ's decision should be reviewed "for abuse of discretion as to the overall conclusion, and 'substantial evidence' 'as to any fact.' " *Id*. at 487 n.19 (citation omitted). Accordingly, if substantial evidence supports the Commissioner's determination that a claimant did not establish good cause for the late hearing request, the court will review the agency's "good cause" determination for abuse of discretion.

"Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "[T]he threshold for such

evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). Rather, "[s]ubstantial evidence means more than a scintilla, but less than a preponderance; it is an extremely deferential standard." *Thomas v. CalPortland Co.*, 993 F.3d 1204, 1208 (9th Cir. 2021) (internal quotations and citations omitted). A ruling based on an erroneous view of the law or on a clearly erroneous assessment of the evidence would constitute an abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). It is not this Court's function to second guess the ALJ's conclusions and substitute the Court's judgment for the ALJ's; rather, if the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

The administrative review process governing applications for social security benefits consists of several steps, which usually must be requested within certain time periods and in a particular order. Relevant here, if an applicant fails to complete the third step by filing a request for hearing before an ALJ in a timely manner, then the applicant must make a showing of good cause to receive an extension. 20 C.F.R. § 416.1433(c). The regulations state an ALJ may "dismiss" a hearing request where the request for hearing was not timely filed, and the time period was not extended on finding of good cause. 20 C.F.R. § 416.1457(c)(3). The good cause standard set forth in 20 C.F.R. § 416.1411 states:

> (a) In determining whether you have shown that you have good cause for missing a deadline to request review we consider—
> (1) What circumstances kept you from making the request on time;
> (2) Whether our action misled you;
> (3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and
> (4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.

> (b) Examples of circumstances where good cause may exist include, but are not limited to, the following situations:
> (1) You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person.
> (2) There was a death or serious illness in your immediate family.
> (3) Important records were destroyed or damaged by fire or other accidental cause.
> (4) You were trying very hard to find necessary information to support your claim but did not find the information within the stated time periods.
> (5) You asked us for additional information explaining our action within the time limit, and within 60 days of receiving the explanation you requested reconsideration or a hearing, or within 30 days of receiving the explanation you requested Appeals Council review or filed a civil suit.
> (6) We gave you incorrect or incomplete information about when and how to request administrative review or to file a civil suit.
> (7) You did not receive notice of the initial determination or decision.
> (8) You sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired.
> (9) Unusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section, which show that you could not have known of the need to file timely, or which prevented you from filing timely.

20 C.F.R. § 416.1411.

2. *Analysis*

The ALJ concluded that the record before it did not "show Plaintiff could not timely request a hearing" by the deadline in late 2022. Tr. 19. The ALJ offered several explanations. First, the ALJ noted that Plaintiff failed to respond to the ALJ's request for clarification about the date and location of her hospitalization but acknowledged that the hospitalization itself in 2021 would have little relevance to the inquiry. Tr. 19. Second, the ALJ considered that Plaintiff has a marginal education level (sixth grade) and speaks and understands English. Tr. 19. Finally, the ALJ concluded the medical evidence belied the contention she "could not timely request a hearing" due to impairment "by sequelae of her 2021 COVID-related hospitalization," referring to three medical records after Plaintiff's

hospitalization in 2021. Tr. 19. In the first of the three records, from November 8, 2021, while Plaintiff was admitted at a skilled nursing facility for rehabilitation, Dr. Eric Sohn remarked that Plaintiff had been hospitalized with bilateral covid pneumonia, but she "had normal mood and affect" and no neurologic deficits. Tr. 19; STr. at 28. Notably, the same record also states that Plaintiff had multiple comorbidities, was in a "slow recovery but overall doing well," and the long-term effects of her condition were still "uncertain." STr. 28.

The ALJ also referred to a December 8, 2021 telephonic appointment with a nurse practitioner which stated Plaintiff's depression and anxiety were poorly controlled, but noted she was alert, orientated, and "appeared to have intact cognition." Tr. 19 (referring to STr. 481). Though not discussed by the ALJ, in this appointment Plaintiff's provider doubled her dose of anxiety medication and referred her to counseling and psychiatric medication management. STr. at 481. Finally, the ALJ noted a physical exam with Plaintiff's nurse practitioner on June 15, 2022, wherein her mental status was reported as "active and alert" with normal mood affect, and good judgment. Tr. 19; STr. 469.

Plaintiff contends the ALJ did not adequately consider other relevant evidence of Plaintiff's limitations corroborating her statement of good cause that she lacked the ability to manage her own affairs and timely request a hearing, including: 1) objective evidence of scores on cognitive and memory testing that were outside normal limits, 2) observations of forgetfulness by an in-home care provider, 3) Plaintiff's broader pattern of failing to meet any agency deadlines before she retained counsel, and 4) observations by agency staff when staff spoke to Plaintiff. ECF No. 16 at 6-8. The Court agrees.

Although the ALJ stated he considered Plaintiff's good cause statement, as well as her function report dated November 20, 2022 (which alleged physical problems, as well as problems with thinking, memory, completing tasks and concentration), Tr. 19, the ALJ's reasons for dismissal do not reflect consideration

of the record related to Plaintiff's reasons for delay. Regarding the objective evidence, the ALJ relied upon casual observations of mental status without addressing the other relevant records, including the testing of Plaintiff's cognition and memory. On November 5, 2021, as part of her occupational therapy evaluation, testing showed Plaintiff scored in a range below normal, indicating mild cognitive impairment. STr. 110. Plaintiff's verbal memory skills reflected a score typically indicating "significant memory concerns that could impact everyday functioning." *Id.* Plaintiff also reported memory issues prior to her extended hospitalization for COVID-19. STr. 1944 (5/24/2021); STr. 1971 (3/22/2021); STr. 1981 (3/8/2021); STr. 2013 (2/12/2021). On December 1, 2021, Dr. Rachel Rudder performed an evaluation of Plaintiff for in-home care following her release from the rehabilitation facility. That assessment indicated that Plaintiff received assistance from family or friends for numerous activities of daily living, required "prompting (cuing, repetition, reminders) only under stressful or unfamiliar conditions," and could be confused "in new or complex situations only." STr. 168. Throughout the record in 2021 and 2022, Plaintiff reported "trouble concentrating on things, such as reading the newspaper or watching television" nearly every day. *See e.g.*, STr. 385, 389, 393, 397, 403, 407, 411, 415, 1930. Plaintiff was also observed as forgetful. STr. 185, 193, 203, 595, 967. As Plaintiff argues, there is other evidence in the record corroborating Plaintiff's claimed inability to manage her day-to-day tasks due to her limitations.

The ALJ's finding that Plaintiff failed to demonstrate good cause was not supported by substantial evidence. Without adequate explanation demonstrating the ALJ considered the record as to whether Plaintiff's physical, mental, educational and linguistic limitations prevented her from timely requesting review, the Court concludes dismissal of Plaintiff's claim on procedural grounds was an abuse of discretion. Consequently, it is recommended the matter be remanded to the Commissioner for further proceedings to give the agency the opportunity to

correct its own error and address any residual questions about Plaintiff's request for hearing, this time, with the assistance of counsel. *See Smith*, 587 U.S. at 1780. Further development of the record may be beneficial.

**C. Due Process**

Plaintiff contends a violation of due process occurred when Defendant failed to file a complete transcript of record in response to the filing of the Complaint. *See* ECF No. 4-5. In the reply, Plaintiff opted to waive this argument. ECF No. 16 at 10. Accordingly, the Court need not address it.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's motion to **REVERSE** the Commissioner's decision to dismiss Plaintiff's request for hearing, **ECF No. 10**, be **GRANTED** and this matter be **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and consistent with the recommendations herein;

2. Defendant's motion to affirm, **ECF No. 15**, be **DENIED**; and

3. Judgment be entered in favor of Plaintiff.

**OBJECTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within fourteen (14) days after receipt of the objection. Attention is directed to Fed. R. Civ. P. 6(d), which adds additional time after certain kinds of service.

A district judge will make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72; LMJR 2, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to file this Report and Recommendation and provide copies to counsel.

DATED July 27, 2026.

ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE